UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CECIL BODDEN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-0056** |
| **TIDEWATER, INC.** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Tidewater, Inc.'s motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, is **DENIED**.  (Document #7.)

### I. BACKGROUND

In February 2003, Cecil Bodden, a citizen of the Republic of Honduras, was employed by Tidewater Crewing, Ltd. as a seaman aboard the M/V MAN-O-WAR, which was owned by Point Marine, L.L.C.  Both Bodden's employer and the owner of the vessel are subsidiaries of Tidewater, Inc. (Tidewater).  The M/V MAN-O-WAR is engaged in support of exploration of offshore mineral or energy resources and, at the time of the alleged injury, was operating in water overlaying the territorial shelf of Mexico.  Bodden developed a digestive and urinary tract infection, which he attributes to contamination of the water supply aboard the vessel.  Bodden

filed a complaint against Tidewater, alleging negligence under the Jones Act, 46 U.S.C. § 688 and unseaworthiness under the general maritime law. Bodden also seeks maintenance and cure and enhanced compensatory and punitive damages for failing to provide maintenance and cure. Additionally, Bodden alleges that he is entitled to recover under the laws of Honduras, Mexico, the international *lex maritime*, and the laws of any other nation as they may apply.

Tidewater filed a motion for summary judgment.

## II. DISCUSSION

### A. Legal standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).

### B. Does 46 U.S.C. § 688(b) deny a remedy in United States courts

Tidewater contends that § 688(b) denies a foreign seaman the right to sue in a federal or state court of the United States. Congress amended the Jones Act in 1982 by adding the following language under § 688(b):

(b) Limitation for certain aliens; applicability in lieu of other remedy

   (1)  No action may be maintained under subsection (a) of this section or under any other maritime law of the United States for maintenance and cure or for damages for the injury or death of a person who was not a citizen or permanent resident alien of the United States at the time of the incident giving rise to the action if the incident occurred--
   (A) while that person was in the employ of an enterprise engaged in the exploration, development, or production of offshore mineral or energy resources-- including but not limited to drilling, mapping, surveying, diving, pipelaying, maintaining, repairing, constructing, or transporting supplies, equipment or personnel, but not including transporting those resources by a vessel constructed or adapted primarily to carry oil in bulk in the cargo spaces; and
   (B) in the territorial waters or waters overlaying the continental shelf of a nation other than the United States, its territories, or possessions.  As used in this paragraph, the term "continental shelf" has the meaning stated in article I of the 1958 Convention on the Continental Shelf.

   (2) The provisions of paragraph (1) of this subsection shall not be applicable if the person bringing the action establishes that no remedy was available to that person--
   (A) under the laws of the nation asserting jurisdiction over the area in which the incident occurred; or
   (B) under the laws of the nation in which, at the time of the incident, the person for whose injury or death a remedy is sought maintained citizenship or residency.

"Section 688(b) denies a Jones Act remedy and any other remedies under general maritime law to foreign seamen in the offshore drilling industry when they are injured in another country's territorial waters, unless neither the country where the injury occurred nor the seaman's home country provide any remedy."  <u>Camejo v. Ocean Drilling & Exploration</u>, 838 F.2d 1374, 1376-77 (5th Cir. 1988).

    Tidewater argues that § 688(b) applies because  Bodden is a foreign seaman, he was injured on the waters overlaying the continental shelf of the territorial waters of another country, and a remedy is available in his home country and the country where the injury occurred.

Bodden does not challenge Tidewater's contention that he may not bring claims under the Jones Act or the general maritime law or that a remedy is available in his own country or the country where the injury occurred. Bodden argues, however, that § 688(b) does not deprive him of access to courts in the United States to present claims for his injury under the laws of Honduras and Mexico.

In Oyuela v. Seacor Marine (Nigeria), Inc., 290 F.Supp.2d 713, 724 (E.D.La. 2003), the court looked to the plain language of the statute and concluded that "[a]lthough the plan language of section 688(b) denies plaintiff Reynaldo Oyuela a remedy under federal law, the statute does not forestall Oyuela's foreign law claims [in United States courts]."[1] The court held that § 688(b) does not strip federal courts of jurisdiction, but "merely denies the foreign plaintiff a cause of action under the substantive maritime tort and compensation laws of the United States." Id. Ultimately, the court dismissed the case based on *forum non conveniens* in order that the controversy be resolved in the legal system of the United Kingdom.[2] Id. at 726. The

---

[1]  In Soares v. Tidewater, Inc., 895 So.2d 568 (La. Ct.App. 2005), the state court relied on Coto v. J. Ray McDermott, S.A., 709 So.2d 1023 (La.Ct. App. 1998), Bolan v. Tidewater, 709 So.2d 1059 (La.Ct.App. 1998), and Jackson and rejected the argument that state courts have subject matter jurisdiction under § 688(b) over claims of foreign seamen employed in the offshore mineral extraction industry who are injured on waters overlying the outer continental shelf of a nation other than the United States, except under the exceptions of §688(b)(2)(A) or (B). The court declined to follow the decision in Oyuela because it was based on a Texas Supreme Court decision in Stier v. Reading & Bates Corp., 992 S.W.2d 423 (Tex. 1999) and reached a conclusion contrary to Coto, Bolan, and Jackson.

[2]  The court administratively closed the case, but stated it would resume jurisdiction upon request and reopen the case if certain conditions concerning filing in the United Kingdom were not met. Id. On June 5, 2005, the district court denied Oyuela's motion to reopen the case because the plaintiff failed to initiate appropriate proceedings in the United Kingdom. Oyuela v.

court in Oyuela noted the possibility of a contrary result as follows:

> A result adverse to this can be supported by scrutinizing and perhaps piecing together comments made by various legislators during the passage of section 688(b). The commentary of some members of Congress suggests that they did not intend for foreign seamen to be able to sue in American courts except in instances where no foreign forum was available. See *e.g.* 128 Cong. Rec. 25,426 (1982 (comments of Representative Livingston); 128 Cong. Rec. 25,423 (1982 (comments of Representative Breaux); 128 Cong. Rec. 29,924 (1982) (comments of Senator Long). But when the language of the statute is clear and free of ambiguity, as it is in this instance, it is unnecessary and in fact inappropriate, to turn to "legislative intent."

Id. at 724 n.5.

The court reached a contrary result in Jackson v. North Bank Towing Corp., No. 98-0078 (E.D. La. 12/16/98) (*Jackson I*), holding that § 688(b) precluded an action under foreign law in a court of the United States. In Jackson v. North Bank Towing Corp., 201 F.3d 415 (5th Cir. 2000) (*Jackson II*), a panel reversed the grant of summary judgment, relying on the "plain text of the statute" and holding that "§ 688 (b)(1) bars only actions brought under the maritime law of the United States, and § 688(b)(2) does nothing to change that." The Court of Appeals acknowledged that "this result arguably creates an anomaly whereby it will be easier for foreign seamen to get foreign law claims into U.S. courts than for them to get maritime claims brought under United States law." Id. at 417. Further, "[t]he result also seems contrary to the legislative history of the Jones Act, which suggests that Congress did not intend for foreign seamen to be able to sue in American courts except where they would have no other available forum." Id.

In Jackson v. North Bank Towing Corp., 213 F.3d 885 (5th Cir. 2000) (*Jackson III*), the

---

Seacor Marine (Nigeria), Inc., No. 02-3298, 2005 WL 1400404 (E.D. La. 2005).

Court of Appeals, on panel rehearing, vacated the decision (*Jackson II*) and affirmed, on other grounds, the judgment of the district court granting the defendants' motion for summary judgment (*Jackson I*). The Court of Appeals acted in response to a decision in a parallel action in state court, which Jackson filed before filing the federal suit. In February 1998, the state trial court dismissed all claims brought pursuant to the Jones Act, the general maritime laws of the United States, and the international maritime laws. The trial court deferred ruling on the Mexican, Honduran, and any other foreign law; but on rehearing, dismissed all the foreign law claims without prejudice, subject to Jackson's right to pursue the claims in Mexico or Honduras. On appeal, the court of appeal affirmed the dismissal on grounds that § 688 barred both foreign and United States law claims from being brought in United States courts, and that there was no evidence of a lack of remedy in a foreign venue. Jackson v. North Bank Towing Corp., 742 So.2d 1, 7 (La.Ct.App. 1999). The Court of Appeals for the Fifth Circuit held in *Jackson III* that, "[b]ecause Jackson's claims previously were dismissed in Louisiana state court, *res judicata* bars relitigation of them." Jackson, 213 F.3d at 887.

After careful consideration of Oyuela, *Jackson I*, and the reasoning of the Court of Appeals' vacated opinion in *Jackson II*, the court concludes that the court has jurisdiction to consider Bodden's claims for relief under the laws of Honduras, Mexico, or international *lex maritime*. The plain language of § 688(b)(1) denies Bodden a remedy under the Jones Act and the maritime laws of the United States; however, the statute does not refer to the jurisdiction of a federal court over a seaman's claims under foreign laws.

Accordingly, Tidewater has not established that it is entitled to judgment as a matter of

law because the foreign law claims are barred under § 688, and the motion for summary judgment is denied.

New Orleans, Louisiana, this  5th  day of October, 2006.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**